59 CCPA

**SAFEWAY STORES, INC., Appellant,**

v.

**DUNKIRK ICE CREAM CO., Inc., Appellee.**

**Patent Appeal No. 8661.**

United States Court of Customs and Patent Appeals.

March 2, 1972.

Baldwin, J., dissented and filed opinion.

Milton W. Schlemmer, San Francisco, Cal., Leo A. Rosetta, Washington, D.C., Harold C. Hohbach, Jerry G. Wright, Flehr, Hohbach, Test, Albritton & Herbert, San Francisco, Cal., attorneys of record, for appellant.

Conrad Christel, Edwin T. Bean, Jr., Buffalo, N. Y., attorneys of record, for appellee.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and ROSENSTEIN, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board [1] dismissing an opposition to the registration of PARTY PARADE for "frozen desserts, namely ice cream and ice cream novelties." [2] We affirm the decision below.

The opposition was predicated on the grounds that the mark PARTY PARADE as applied to the described goods so resembles opposer's PARTY PRIDE for ice cream and sherbet,[3] ice cream cones and cups,[4] and non-dairy product confections frozen on sticks,[5] as well as for potato chips and pretzels, the latter being the subject of a trademark application pending at the time the notice of opposition was filed,[6] that there is a likelihood of confusion, mistake or deception in the contemporaneous use of the two marks.[7] Only appellant took

---

1. Result reported at 162 USPQ 634 (1969).

2. Application Serial No. 243,421, filed April 14, 1966.

3. Registration No. 368,355, issued June 13, 1939.

4. Registration No. 783,321, issued January 12, 1965.

5. Registration No. 818,811, issued November 15, 1966.

6. The application was subsequently issued as Registration No. 843,387 on January 30, 1968.

7. See § 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

testimony during the opposition proceeding, and from the testimony it appears that appellant has extensively advertised the mark PARTY PRIDE in the various communications media. Sales of goods identified by the mark have likewise been on a large scale. Although appellee took no testimony, it introduced into evidence a number of third-party registrations for the purpose of showing the popularity of the use of the term "party" in trademarks.

Appellant contends that PARTY PRIDE and PARTY PARADE are substantially similar in appearance, sound and meaning, that the goods which they identify are virtually identical, and that the class of purchasers of these goods is not a discriminating one. These circumstances, it is urged, compel the conclusion that mistake or confusion is likely. Appellee, on the other hand, argues that the only similarity resides in the first word, "party," which is asserted to be a highly suggestive term for such products as ice cream and ice cream novelties and should not be accorded controlling weight in the determination of the likelihood of confusion resulting from the use of the marks considered in their entireties. Beyond "party," there is no resemblance, contends appellee.

The board found no likelihood of confusion, and in its unpublished opinion, said:

> * * * "PARTY" is a suggestive and highly appropriate word for food products of the character here involved, all of which are frequently served together at birthday parties, bridge parties, and other social functions.
>
> Giving due consideration to the nature of the word "PARTY", and to the differences between the words "PRIDE" and "PARADE" in all material respects, it is our opinion that applicant's use of "PARTY PARADE" is not at all likely to cause confusion, mistake or deception.

We agree with the reasoning of the board and have little to add. Considering the marks in their entireties, we also find that there is not such a resemblance as to be likely to cause confusion or mistake or to deceive. We accordingly *affirm* the decision of the board.

Affirmed.

BALDWIN, Judge (dissenting).

I disagree with the majority opinion in this case. Considering the fact that the marks are almost identical and are applied to identical goods, I feel that there would be a likelihood of confusion within the meaning of the statute.

I would therefore reverse.